UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 10-4396(DSD/SER)

United States of America,

       Plaintiff,

v.                                                              **ORDER**

$105,332.00 in U.S. Currency,

       Defendant.

This matter is before the court upon the pro se motion styled as a Rule 41(g) motion to return property and for temporary injunction by movant Flenear Jefferson. Based on a review of the file, record and proceedings herein, and for the following reasons, the court denies the motion.

**BACKGROUND**

This civil-forfeiture dispute arises from the seizure of $105,332.00 in United States currency (the Currency) by the St. Paul Police Department (SPPD). On March 4, 2006, two SPPD officers were dispatched to an apartment after receiving a complaint that it was being used to sell drugs. See McCarthy Aff. ¶ 3. The officers arrested Jefferson and three others, and seized the Currency.[1] See id. ¶¶ 4-7.

---

[1] Jefferson pleaded guilty to conspiracy to distribute and possess with intent to distribute in excess of five kilograms of cocaine and in excess of fifty grams of cocaine base and received a term of imprisonment of 190 months. See McCarthy Aff. ¶ 10.

The Drug and Enforcement Administration adopted SPPD's seizure of the Currency and instituted a civil forfeiture proceeding. The government published notice of the civil forfeiture for at least thirty days beginning on October 30, 2010, on www.forfeiture.gov. See Saxena Decl., ECF No. 5.  On November 30, 2010, the government sent Jefferson a notice of judicial forfeiture proceedings, the complaint for forfeiture in rem, the affidavit of Sergeant Timothy M. McCarthy and a copy of the warrant of arrest and notice in rem (collectively, Notice of Forfeiture). See Saxena Decl. ¶ 5(b), ECF No. 10.  The notices were sent by certified mail to Jefferson's place of incarceration, and on December 6, 2010, delivery was confirmed.  See Weston Decl. Ex. 2, ECF No. 17.  The notices advised Fletcher to file a verified claim within thirty-five days and to file an answer to the complaint for forfeiture in rem within twenty days.  See Saxena Decl. ¶ 5(b), ECF No. 10.

No claims to the Currency were received, and the government moved for a default judgment on March 11, 2011.  See ECF No. 8. The court granted the motion on March 15, 2011.  See ECF No. 13. On July 15, 2011, the government received a letter from Jefferson claiming ownership of the Currency, and alleging that the forfeiture was not in accordance with law.  See Weston Decl. Ex. 3, ECF No. 17.  The government responded to Jefferson's letter, explaining that a default judgment was entered, because no timely claim was made to the Currency.  See ECF. No. 15, at 8-9.  In

response, Jefferson filed the present motion for return of the property and for temporary injunction.

## DISCUSSION

Federal Rule of Criminal Procedure 41(g) provides that "[a] person aggrieved by an unlawful search and seizure of property ... may move for the property's return." Jefferson argues that he is entitled to relief under Rule 41(g). The government argues that Rule 41(g) is inapposite.

A Rule 41(g) motion is properly denied when, among other reasons, "the property ... [was] subject to forfeiture." United States v. Vanhorn, 296 F.3d 713, 719 (8th Cir. 2002) (citation omitted). Once a forfeiture is complete, a Rule 41(g) motion cannot be used to attack the proceeding collaterally. See Cole v. United States (In re US Currency, $844,520.00), 136 F.3d 581, 582 (8th Cir. 1998) (per curiam); see also Fed. R. Crim. P. 1(a)(5)(B) (explaining that criminal rules do not apply to "a civil property forfeiture for violating a federal statute"). Therefore, dismissal of Jefferson's Rule 41(g) motion is warranted.

The court may, however, examine a due process challenge to a forfeiture. See United States v. Litchfield, 122 F. App'x 294, 295 (8th Cir. 2005) (per curiam) (citations omitted). Jefferson

alleges that the forfeiture was contrary to law.[2] The government argues that it complied with 21 U.S.C. § 881(a)(6) and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (Supplemental Rules), and that the court should not vacate its default judgment.

Under the Supplemental Rules, the notice requirement "to a [known] potential claimant who is incarcerated must be sent to the place of incarceration." See Fed. R. Civ. P., Adm. Supp. R. G(4)(b)(iii)(C). Mailing notice creates a presumption of delivery that is rebutted only if the prisoner shows that the prison's internal mail-distribution procedures are not reasonably calculated to provide notice. See Nunley v. Dep't of Justice, 425 F.3d 1132, 1136 (8th Cir. 2005).

In the present case, the government provided Jefferson notice on forfeiture.gov and mailed the Notice of Forfeiture to Jefferson's place of incarceration, confirmed by return receipt. Jefferson does not allege improper mail-distribution procedures. In fact, he included the notice with his motion. See ECF No. 15,

---

[2] The court liberally construes the pro se pleading as claiming a violation of due process. See United States v. Woodall, 12 F.3d 791, 794 n.1 (8th Cir. 1993), abrogated on other grounds by Dusenbery v. United States, 534 U.S. 161, 172-73 (2002).

at 5-7.  Therefore, dismissal of Jefferson's due process claim is warranted.  Accordingly, based on the above, **IT IS HEREBY ORDERED** that the motion [ECF No. 15] is denied.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Dated:   November 15, 2011

                                               s/David S. Doty
                                               David S. Doty, Judge
                                               United States District Court